UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANN HAMILTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  Case No. 4:20–cv–1208–MTS |
| | ) |
| AUTOMOBILE CLUB OF MISSOURI, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

Before the Court is Defendant National Railroad Passenger Corporation's ("Amtrak" or "Defendant") Motion to Dismiss, Doc. [14], pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the Court denies in part and grants in part Defendant's Motion.

**I.   BACKGROUND**

This case arises from Amtrak employees precluding Plaintiff Ann Hamilton and her party from boarding a train. Plaintiff purchased Amtrack tickets from a ticketing agent for her and her five great-grandchildren (ages 4–12) to take a day trip to Chicago. Plaintiff's party took an Amtrak train from St. Louis to Chicago and spent the day there. Plaintiff attempted to board the return Amtrak train in Chicago. Plaintiff alleges that an Amtrak ticketing agent ("Agent") refused her boarding and instigated a "prolonged and unnecessary delay" of Plaintiff's party at the ticket counter. Doc. [6] ¶ 16. When Plaintiff expressed her concern about missing the train, the Agent "ignored her protests and instigated further delay with the *intent* to cause" Plaintiff to miss the train. *Id.* ¶ 17 (emphasis added). Plaintiff then sought a "second opinion or assistance" from a "more seasoned Amtrak ticket agent" who did authorize and clear Plaintiff's party for boarding. *Id.* ¶ 19. As Plaintiff attempted to board for the second time, the train conductor ("Conductor")

stopped her to review her ticket. The Conductor alleged he did not recognize her ticket format and detained Plaintiff's party until all other passengers boarded the train. The Conductor detained Plaintiff's party allegedly in "relation for her questioning his conduct." *Id.* ¶ 25. The Conductor told Plaintiff "[y]ou ain't riding my train," refused to review the ticket, and summoned Amtrak police to detain Plaintiff's party. *Id.* ¶¶ 26–28. Plaintiff missed her train—the last train departing for St. Louis that night—and Amtrak made no attempt to accommodate her and her party. Plaintiff alleges Amtrak "effectively 'dumped'" Plaintiff's party on the streets of Chicago and left her with no other option but to walk about a mile and a half on foot to the Greyhound bus station. *Id.* ¶¶ 30–33.

Based on the alleged conduct of Amtrak employees, Plaintiff filed a Complaint, Doc. [6], asserting two counts against Defendant for violating the Missouri Merchandising Practices Act ("MMPA") (Count I) and for malicious trespass, under Mo. Rev. Stat. § 537.330 (Count II). She alleges Amtrak employees intentionally and unjustly delayed her boarding of an Amtrak train in Chicago based on a "retaliatory animus" and "evil motive," which caused her party to miss the train and lose the value of their tickets. *Id.* ¶¶ 37, 45. In the instant Motion, Defendant moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) arguing that Plaintiff's claims are preempted by the Amtrak Act, 49 U.S.C. § 24301(g). Doc. [14].

## II.   LEGAL STANDARD

If a pleading fails to state a claim upon which relief can be granted, an opposing party may move to dismiss it. *See* Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted). A complaint's "[f]actual allegations must be enough to raise a right to relief

2

above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The factual content of the plaintiff's allegations must "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Cole v. Homier Distrib. Co.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937). When ruling on a motion to dismiss, the Court "must liberally construe a complaint in favor of the plaintiff," *Huggins v. FedEx Ground Package System, Inc.*, 592 F.3d 853, 862 (8th Cir. 2010), and must grant all reasonable inferences in its favor, *Lustgraaf v. Behrens*, 619 F.3d 867, 872–73 (8th Cir. 2010).

## III. DISCUSSION

The Amtrak Act preempts state laws or other law related to "rates, routes, or service" in connection with rail passenger transportation. 49 U.S.C. § 24301(g). The claims at issue here plainly do not relate to "rates" or "routes," and the parties do not argue that they do. The issue is whether Plaintiff's claims relate to Amtrak's "services." The Act does not define "services" and the Court lacks clear precedent on that question. *Edison v. Nat'l R.R. Passenger Corp.*, No. 20–CV–0614–PJS/LIB, 2021 WL 2515516, at *9 (D. Minn. June 18, 2021) (acknowledging that "case law interpreting § 24301(g) is sparse").

An analogous federal statute, the Airline Deregulation Act of 1978 ("ADA"), is particularly instructive.[1] *Jenkins v. Nat'l R.R. Passenger Corp.*, No. 07–C–3427, 2008 WL 68685, at *12 (N.D. Ill. Jan. 3, 2008) (analyzing "service" under the Amtrak Act meaning based on courts interpretation of "service" under the ADA, and finding "no reason to construe the Amtrak Act's use of the term "service" any different than another statute that uses similar language to regulate a

---

[1] The Court notes the circuit split regarding the definition of "services." Here, Defendant argues for a "broad" reading of the term "services" and Plaintiff argues for a "narrower" reading. However, the Court will not address this issue because it finds that Plaintiff's malicious trespass claim is not preempted by 49 U.S.C. § 24301(g) of the Amtrak Act, even under a broad interpretation of the term "services."

3

separate transportation industry"); *see* 49 U.S.C. § 41713(b)(1) (preempting state law "related to a price, route, or service of an air carrier that may provide air transportation. . . ."); *see also Watson v. Air Methods Corp.*, 870 F.3d 812, 817–18 (8th Cir. 2017)[2] (en banc) (assuming for the sake of analysis a broad definition of "services" under the ADA); *Syed v. Frontier Airlines, Inc.*, 522 F. Supp. 3d 503, 511 (E.D. Mo. 2021) (preempting state law claims related to the removal of passengers under the ADA's definition of "services"). In *Syed*, the Court concluded generally that boarding, boarding procedures, deplaning, and disembarking procedures constitute "services" and thus, claims related to them are preempted. *Syed*, 522 F. Supp. 3d at 510. At the same time, however, the Court noted that the holding should not be read "to say that a plaintiff could *never* state a claim against an air carrier, which the ADA did not preempt, stemming from the *way* the air carrier removed the plaintiff from an airplane." *Id.* at 511 (emphasis added).

Here, the facts pleaded suggest that Plaintiff's malicious trespass claim align with the latter. Plaintiff alleges that two Amtrak employees refused her and her great-grandchildren boarding based on "retaliatory animus" and "evil motive." Thus, based on the pleadings, the Amtrak employees "held [Plaintiff and her party] without a safety or security justification, [such that her] claim based on such actions would not relate to any legitimate service and would not be preempted." *Id.* at 512 (*quoting Smith v. Comair, Inc.*, 134 F.3d 254, 259 (4th Cir. 1998)). This is not a case where Plaintiff's claim revolved solely on her inability to board the train because Amtrak employees did not recognize her ticket format, or that a general delay caused them to miss their train; those circumstances relate to Amtrak's "services" of refusing to transport certain passengers, and are thus, preempted. But that is not the case here, at least according to the facts

---

[2] In the context of the Airline Deregulation Act of 1978 ("ADA"), the Eighth Circuit has noted the "disagreement about the meaning of 'service,'" but has not explicitly approved of either definition. *Watson v. Air Methods Corp.*, 870 F.3d 812, 817 (8th Cir. 2017) (en banc).

4

*as pleaded*. Just as the Court concluded in *Syed*, "specific" wrongs carried out with an "evil motive," are enough to withstand preemption, at least at the motion to dismiss stage. *Id.* at 512; *see also* Mo. Rev. Stat. § 537.330 (providing malicious trespass occurs only when an act is done "maliciously" or "wantonly").

Plaintiff does not plead she is upset with the "general manner" of how Amtrak refused to let her board. *See Syed*, 522 F. Supp. 3d at 511 (concluding the "general manner" of how an air carrier removes a passenger constitutes as a service under the ADA). This is also not a situation where the "services" were performed in a "rude manor." *Id.* ("The ADA preempts claims that relate to Defendants' services—even services allegedly performed in a rude manner"). Rather, Plaintiff points to a "specific wrong" and alleges that two Amtrak employees intentionally, improperly, and unjustifiably delayed and ultimately refused her boarding after Plaintiff questioned an employee. Discovery may reveal that a justification existed to refuse Plaintiff's party boarding. But, at this procedural posture, the Court finds that the Amtrak Act does not preempt Plaintiff's claim for malicious trespass under Missouri law.

Plaintiff's MMPA claim is a different story. The basis of an MMPA claim is that a seller's practices are deceptive or unfair. *See* Mo. Rev. Stat. § 407.020. Here, Plaintiff's MMPA claim is that Amtrak employs "unfair practices," Doc. [6] ¶ 45, such as "unilaterally breach[ing]" Plaintiff's ticket "contract." Doc. [18] at 8–9. Thus, Plaintiff claims Amtrak's practices of ticketing and refusing boarding (without refunding or accommodating), *ie*: services, are "unfair." But the Court found that Plaintiff's malicious trespass claim was not preempted because the two employees' actions were *not* typical of Amtrak "services"; rather, they acted outside the scope of providing Amtrak services based on an "evil motive" and "retaliatory animus." That distinction is critical

5

and fatal to Plaintiff's MMPA claim. Therefore, Plaintiff's MMPA claim (Count I) will be dismissed as preempted.

## CONCLUSION

The Court concludes that the Amtrak Act, 49 U.S.C. § 24301(g), preempts Plaintiff's MMPA claim (Count I). However, Plaintiff's pleadings alleging intentional, improper, and unjustifiable conduct by two Amtrak employees do not relate to any legitimate "service," thus, the Amtrak Act does not preempt Plaintiff's malicious trespass claim (Count II).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for to Dismiss, Doc. [14], is **DENIED in part** and **GRANTED in part**.

Dated this 3rd day of December, 2021.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE